UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARON BERLIN,<br><br>                Plaintiff,<br><br>-against-<br><br>JOSHUA HARRIS EGGNATZ; EGGNATZ PASCUCCI,<br><br>                Defendants. | 25-CV-8733 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, Kings County, New York, brings this *pro se* action under the court's diversity of citizenship jurisdiction, asserting state law claims of defamation, intentional infliction of emotional distress, and civil conspiracy. Named as Defendants are Joshua Harris Eggnatz, Esq. and the law firm Eggnatz Pascucci. Both defendants are located in Davie, Broward County, Florida. For the following reasons, the Court transfers this action under 28 U.S.C. § 1404 to the United States District Court for the Southern District of Florida.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Because Defendants do not reside in the State of New York, venue is not proper in this court under Section 1391(b)(1). Defendants reside in Davie, Florida. Davie is located in Broward County, which falls within the Southern District of Florida. *See* 28 U.S.C. § 89(c). Venue is therefore proper under Section 1391(B)(1) in the Southern District of Florida.

Plaintiff alleges that Defendants violated his rights when they conspired in Davie, Florida to send defamatory and threatening communications made in Davie to Plaintiff in Brooklyn, New York. Plaintiff alleges that a substantial part of the events occurred in this District because he resides in Brooklyn. (ECF 1, at 3.) Brooklyn, however, which falls within the Eastern District of New York, not this District.[1] *See* 28 U.S.C. § 112(c). To the extent the alleged defamatory statement was published in Brooklyn, venue also may be proper under Section 1391(b)(2) in the Eastern District of New York.

Plaintiff alleges that the subject of the defamatory communication relates to a case that he previously filed in this court about actions taken in the course of state court litigation in Florida.[2] Because the location of the subject matter of an allegedly defamatory statement can be probative of proper venue, *see Boehner v. Heise*, 410 F. Supp. 228, 240-41 (S.D.N.Y. 2006), and Plaintiff

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[2] Plaintiff's previous action in this court, *Shaney, et al. v. Tinsely, et al.*, No. 25-CV-8084 (LTS) (S.D.N.Y. November 3, 2025), was dismissed *sua sponte* on November 3, 2025 for the plaintiffs' failure to pay the filing fees or submit applications to proceed *in forma pauperis*. In that action, Plaintiff, as assignee of Magicsoft Group, Inc., and three residents of Florida, brought civil claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO") against individuals and organizations located in Florida, Texas, and New Jersey. Defendants in this action, who appear to be attorneys for some of the defendants in a Florida state court matter that also involves Plaintiff, never appeared or filed any documents in No. 25-CV-8084.

alleges the defamatory statement has some relation to an action he filed in this court, venue also could arguably be proper in this District under Section 1391(b)(2).

Because a substantial part of events giving rise to Plaintiff's claims, including the alleged conspiracy and the writing and sending of the allegedly defamatory statement occurred in Davie, Florida, venue is also proper under Section 1391(b)(2) in the Southern District of Florida.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. A majority of the underlying events occurred in Davie, Florida, where Defendants reside, and it is reasonable to expect that relevant documents and witnesses also would be in Davie. The Southern District of Florida appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Southern District of Florida. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts

have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[3] A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 7, 2025
         New York, New York

                                                     /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

---

[3] Plaintiff did not pay the filing fees or submit an application to proceed *in forma pauperis*.